## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No:  3:22-cv-1019 (KAD) |
| Debtor. | |

## BRIEF OF THE APPELLANT HO WAN KWOK

Eric Henzy (ct12849)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
        jcesaroni@zeislaw.com
Attorneys for Ho Wan Kwok

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

STATEMENT OF THE BASIS OF APPELLATE JURISDICTION ..................................... 1

ISSUES PRESENTED ............................................................................................... 3

APPLICABLE STANDARD OF APPELLATE REVIEW ................................................. 3

STATEMENT OF THE CASE ................................................................................... 4

SUMMARY OF ARGUMENT ................................................................................... 8

ARGUMENT ......................................................................................................... 9

    I. The Bankruptcy Court Erred Because It Issued an Advisory Opinion on an Issue Not Before It ................................................................................................. 9

    II. The Bankruptcy Court Erred Because It Failed to Provide the Debtor with Notice of Its Decision with Respect to Section 324 or an Evidentiary Hearing......... 12

CONCLUSION ..................................................................................................... 14

CERTIFICATE OF SERVICE.................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aetna Life Ins. Co. v. Haworth*,
  300 U.S. 227 (1937) ............................................................................. 9

*Ethridge v. Bell*,
  49 F.4th 674 (2d Cir. 2022) ....................................................... 3-4, 13

*Goldman, Sachs & Co. v. Esso Virgin Is., Inc.*
  *(In re Duplan Corp.)*, 212 F.3d 144 (2d Cir. 2000) .................................. 13-14

*Granderson v. Carpenter*
  *(In re Granderson)*, 252 B.R. 1 (1st Cir. BAP 2000) .......................................... 2

*Han v. Fin. Supervisory Serv.*,
  2017 U.S. Dist. LEXIS 166691 (S.D.N.Y. Oct. 6, 2017) ........................... 10, 11

*In re Alcibiades & Irma Nunez*,
  2000 U.S. Dist. LEXIS 12078 (E.D.N.Y. Mar. 17, 2000) ............................... 10

*In re Empire State Conglomerates, Inc.*,
  546 B.R. 306 (Bankr. S.D.N.Y. 2016) ............................................................ 12

*In re Schultz Mfg. Fabricating Co.*,
  956 F.2d 686 (7th Cir. 1992) ............................................................................ 2

*In re Wright*,
  220 B.R. 543 (S.D.N.Y. 1998) .................................................................. 10, 11

*In re Wring*,
  2015 Bankr. LEXIS 2032 (6th Cir. BAP June 22, 2015) .................................... 2

*Kirschenbaum v. Fed. Ins. Co.*
  *(In re EMS Fin. Servs., LLC)*, 2013 Bankr. LEXIS 139 (Bankr. E.D.N.Y. Jan. 4,
  2013) ............................................................................................................. 10

*Longway v. Jefferson County Bd. Of Supervisors*,
  24 F.3d 397 (2d Cir. 1993) ............................................................................... 9

*Maiman v. Spizz*
  *(In re Ampal-American Isr. Corp.)*, 691 F. App'x 12 (2d Cir. 2017) .............. 1-2

*Matlin v. Spin Master Corp.*,
    979 F.3d 1177 (7th Cir. 2020) ............................................................... 4

*Mendell ex rel Viacom, Inc. v. Gollust*,
    909 F.2d 724 (2d Cir. 1990) ............................................................... 12

*Miller v. Miller*
    *(In re Miller)*, 302 B.R. 705 (10th Cir. BAP 2003) ........................................... 2

*Reisz v. Perkins*
    *(In re Anytime Waste Sys., LLC)*, 2018 Bankr. LEXIS 3956 (6th Cir. BAP 2018)
    ............................................................................................. 3

*Religion Found.*,
    551 U.S. 587 (2007) ......................................................................... 9

*Vera v. Republic of Cuba*,
    867 F.3d 310 (2d Cir. 2017) ............................................................... 4

**Statutes**

11 U.S.C. § 1105 ............................................................................. 7
11 U.S.C. § 324 .......................................................... 1, 3, 6, 7, 8, 10-14
11 U.S.C. § 101 ............................................................................. 6
28 U.S.C. § 158 ............................................................................. 1
28 U.S.C. § 1292 ........................................................................... 3

**Rules**

Fed R. Bankr. P. 2014 ...................................................................... 5
Fed R. Bankr. P. 2016 ...................................................................... 5
Fed. R. Bankr. P. 8002 ..................................................................... 1
Fed. R. Bankr. P. 8004 ..................................................................... 3
Fed. R. Bankr. P. 9014 ..................................................................... 3
Fed. R. Bankr. P. 9024 ................................................................... 5, 6
Fed. R. Civ. P. 59 ......................................................................... 12
Fed. R. Civ. P. 60 ........................................................... 5, 6, 7, 11, 12

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

This is an appeal from an order of the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division, which in denying a motion for relief from the order of the Bankruptcy Court appointing Luc A. Despins (the "Trustee") as the Chapter 11 trustee also concluded that no grounds existed for removal of the Trustee under 11 U.S.C. § 324 despite the fact that the issue was not before the Bankruptcy Court. The order from which this appeal was taken was entered on August 2, 2022 (the "Relief Order") (Bankruptcy Docket Number 667, hereinafter cited as "Bankr. Dkt. No.____") and a notice of appeal (Bankr. Dkt. No. 711) was timely filed pursuant to Fed. R. Bankr. P. 8002(a) on August 9, 2022.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from (1) final judgments, orders, decrees … of bankruptcy judges." The Relief Order is a final order because, to the extent that it found no grounds existed for removal of the Trustee under 11 U.S.C. § 324, it was an advisory opinion that the Bankruptcy Court lacked subject matter jurisdiction to enter, and it was entered without notice and an opportunity to be heard.

Even if this is an appeal is considered by the Court to be an appeal from the denial of a motion to remove the Trustee, the Relief Order is still a final order. *Maiman v. Spizz (In re Ampal-American Isr. Corp.)*, 691 F. App'x 12, 16 (2d Cir.

2017) (stating that appeal from, *inter alia*, District Court's denial of motion to remove trustee was appeal from final judgment); *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 691-92 (7th Cir. 1992) (court affirmed order denying motion to remove trustee without analysis of finality); *In re Wring*, 2015 Bankr. LEXIS 2032,  at*3 (6th Cir. BAP June 22, 2015) ("In the Sixth Circuit, an order denying a motion to remove a trustee has been treated as an appealable final order."); *Miller v. Miller (In re Miller)*, 302 B.R. 705, 708 (10th Cir. BAP 2003) (bankruptcy court's order denying motion to remove trustee is final order subject to appeal under 28 U.S.C. section 158(a)(1)); *Granderson v. Carpenter (In re Granderson)*, 252 B.R. 1, 4 (1st Cir. BAP 2000) (order denying motion to remove trustee is a final order).

     In the alternative, if the Court determines that this is not an appeal from a final order of the Bankruptcy Court, the Appellant requests that this Court treat the notice of appeal as a motion for leave to appeal and grant such motion pursuant to Federal Rule of Bankruptcy Procedure 8004(d). The questions of whether the Bankruptcy Court erred by ruling on a matter that was not before it without notice are questions of controlling law over which there is substantial ground for difference of opinion respecting the correctness of the Bankruptcy Court's opinion. Given the likely course of the bankruptcy case, the Bankruptcy Court's decision will effectively be unreviewable. An immediate appeal will advance the

bankruptcy case. 28 U.S.C. § 1292(b); *Reisz v. Perkins (In re Anytime Waste Sys., LLC)*, 2018 Bankr. LEXIS 3956, at *3 (6th Cir. BAP 2018) ("Appellate courts reviewing interlocutory orders of bankruptcy courts [pursuant to Bankruptcy Rule 8004(d)] are guided by standards set forth in 28 U.S.C. § 1292(b).").

## ISSUES PRESENTED

1.    Whether the Bankruptcy Court erred in *sua sponte* finding that "no grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case [pursuant to 11 U.S.C. § 324]" when there was no application or motion to remove the Trustee pursuant to 11 U.S.C. § 324 filed and the issue of Trustee removal pursuant to 11 U.S.C. § 324 was not before the Bankruptcy Court.

2.    Whether the Bankruptcy Court erred in *sua sponte* finding that "no grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case [pursuant to 11 U.S.C. § 324]" without i) any notice that the Bankruptcy Court was going to so find; (ii) affording the Debtor the opportunity to conduct discovery on the issue of whether the Trustee should be removed pursuant to 11 U.S.C. § 324 in accordance with Fed. R. Bankr. P. 9014, and iii) conducting an evidentiary hearing.

## APPLICABLE STANDARD OF APPELLATE REVIEW

The applicable standard of appellate review is *de novo*. *Ethridge v. Bell*, 49

F.4th 674, 682 (2d Cir. 2022) ("We thus turn to the notice issue, which we review *de novo*."); *Matlin v. Spin Master Corp*., 979 F.3d 1177, 1181 (7th Cir. 2020) ("We review *de novo* whether the court's sanction award was an unconstitutional advisory opinion."); *see also Vera v. Republic of Cuba*, 867 F.3d 310, 315 (2d Cir. 2017) (review of legal conclusions regarding subject matter jurisdiction *de novo*).

## STATEMENT OF THE CASE

On February 15, 2022, the individual debtor, Ho Wan Kwok (the "Debtor"), filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above captioned bankruptcy case (the "Bankruptcy Case"). On June 15, 2022, the Bankruptcy Court issued a Memorandum of Decision, *inter alia*, granting the Motion to Dismiss or, in the alternative, Partial Joinder to the USTs Motion for the Appointment of a Chapter 11 Trustee (Bankr. Dkt. No. 183) to the extent that it sought the appointment of a Chapter 11 trustee. (Bankr. Dkt. No. 465.)

On July 7, 2022, the UST filed a notice (the "Appointment Notice") appointing the Trustee as Chapter 11 trustee (Bankr. Dkt. No. 514), and an Application for Order Approving Appointment of Chapter 11 Trustee (Bankr. Dkt. No. 515) (the "Appointment Application"), seeking the Bankruptcy Court's approval of the appointment of the Trustee. On July 8, 2022, the day after the UST filed the Appointment Notice and the Appointment Application, the Bankruptcy

Court conducted the hearing on the Appointment Application (the "July 8

Hearing"). The Bankruptcy Court then entered the Order Granting Appointment of

Chapter 11 Trustee (the "Despins Appointment Order"), approving the

appointment of the Trustee, on the same day. (Bankr. Dkt. No. 523, Appendix of

Appellant Ho Wan Kwok ("App.") at A-156.)

On July 15, 2022, the Debtor filed the Motion for Relief from

Judgement/Order Under Rule 9024 (Bankr. Dkt. No. 561, App. at A-161) (the

"Motion for Relief"), seeking relief from the Despins Appointment Order pursuant

to Fed. R. Civ. P. 60(b), incorporated into the Bankruptcy Case by Fed. R. Bankr.

P. 9024. On July 20, 2022, the Trustee filed his Objection to Motion for Relief

from Judgement/Order Under Rule 9024 (Bankr. Dkt. No. 575, App. at A-188).

On July 27, 2022, Pacific Alliance Asia Opportunity Fund L.P. ("PAX")

filed its Position Statement in Joint Response to (I) Debtor's Motion for Relief

from Order Appointing Luc A. Despins as Chapter 11 Trustee, and (II) Application

of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections

327, 328, and 330 and Bankruptcy Rules 2014 and 2016, Authorizing and

Approving Retention and Employment of Paul Hastings LLP as Counsel to

Chapter 11 Trustee (Bankr. Dkt. No. 618, App. at A-335), raising concerns

regarding the risk to the Debtor's bankruptcy estate based on disputes over the

Trustee's appointment and the employment of his firm, Paul Hastings, LLP ("Paul

Hastings"), as well as Paul Hastings' fee structure. Also on July 27, 2022, the

Official Committee of Unsecured Creditor (the "Committee") filed its Objection to

Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11

Trustee (Bankr. Dkt. No. 621, App. at A-606). On the same day, creditors Rui Ma,

Zheng Wu and Weican Meng filed their Joinder to Objection of the Official

Committee of Unsecured Creditors to the Debtor's Motion for Relief from Order

Appointing Luc A. Despins as Chapter 11 Trustee (Bankr. Dkt. No. 628, App. at

A-613). Finally, again on the same day, the UST filed his Response of the United

States Trustee to Motion for Relief from Judgment/Order Under Rule 9024 (Bankr.

Dkt. No. 615, App. at A-315). None of these pleadings contained any reference to

Section 324.[1]

On July 21, 2022, the Bankruptcy Court held a status conference regarding a

number of matters, including the Motion for Relief. At that status conference,

Section 324 was discussed briefly when the Bankruptcy Court inquired as to why

the Debtor was moving under Fed. R. Civ. P. 60 rather than Section 324. (July 21,

2022, Hearing Transcript, 55:12 – 56:9, App. at A-253-54.) After the status

conference, on July 22, 2022, the Bankruptcy Court issued a Scheduling Order,

setting a hearing on August 1, 2022, regarding, among other things, the Motion for

Relief (the "Hearing Notice"). (Bankr. Dkt. No. 596, App. at A-068-69.) The

---

[1] References to "Section(s)" herein refer to sections of the United States

Hearing Notice did not contain any indication that the Court would decide whether relief under Section 324 was appropriate.

On August 1, 2022, the Bankruptcy Court held a hearing (the "August 1 Hearing"), *inter alia*, on the Motion for Relief. At the August 1 Hearing, Section 324 was briefly discussed after it was raised by the Bankruptcy Court, but that discussion was limited to the Bankruptcy Court's position that a motion pursuant to Section 324, rather than Fed. R. Civ. P. 60, was the appropriate vehicle to challenge the Despins Appointment Order. (Transcript of August 1 Hearing ("Hearing Tr."), 61:11 – 63:2, App. at A-681-83 ("And the only way he can be removed is under 324. So if you want to file a motion under 324 and meet those requirements, you're entitled to do so.").)  At the August 1 Hearing, the Bankruptcy Court stated that it was denying the Motion for Relief without taking any evidence on the motion. (*Id.*, 61:11 – 62:25, App. at A-681-82.) This is despite the fact that the Debtor filed a witness and exhibit list (Witness and Exhibit List, (Bankr. Dkt. No. 644, App. at A-616) and was prepared to introduce evidence at the August 1 Hearing. (Hearing Tr., 74:24 – 76:3, App. at A-694-96.) On. August 2, 2022, the Bankruptcy Court entered the Relief Order, denying the Relief Motion and further holding: "Although the Debtor did not seek to terminate the appointment of the Chapter 11 Trustee under 11 U.S.C. 1105 or remove the

Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*).

Chapter 11 Trustee under 11 U.S.C. 324, no grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case." (App. at A-076-77.)

The Debtor timely filed his Notice of Appeal to District Court (Bankr. Dkt. No. 711, App. at A-792) on August 9, 2022, and an Amended Notice of Appeal to District Court (Bankr. Dkt. No. 715, App. at A-779) on August 10, 2022, solely to identify additional parties to the Relief Order.

## SUMMARY OF ARGUMENT

The Bankruptcy Court erred when it held that there were no grounds under Section 324 to remove the Trustee. First, that ruling by the Bankruptcy Court is an advisory opinion, which Bankruptcy Courts, like all Federal Courts, are without subject matter jurisdiction to make. The Debtor never sought relief under Section 324. Thus, the Bankruptcy Court lacked subject matter jurisdiction to enter the Relief Order to the extent that it found that the Debtor was not entitled to relief under Section 324. In addition, the Bankruptcy Court never provided the Debtor notice that it was considering whether to grant or deny relief under Section 324 or permit the Debtor to put on evidence regarding the propriety of removing the Trustee under Section 324. Therefore, this Court should vacate the Relief Order to the extent that it found that no grounds exist to remove the Trustee under Section 324.

**ARGUMENT**

**I.**   **The Bankruptcy Court Erred Because It Issued an Advisory Opinion on an Issue Not Before It**

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,' and 'Article III standing … enforces the Constitution's case-or-controversy requirement.'" *Hein v. Freedom from Religion Found.*, 551 U.S. 587, 597-98 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)); *see also Longway v. Jefferson County Bd. Of Supervisors*, 24 F.3d 397, 400 (2d Cir. 1993) ("Pursuant to Article III of the Constitution, we only have jurisdiction over live cases or controversies."). "'No principle is more fundamental to the judiciary's proper role in our system of government that the constitutional limitation of federal-court jurisdiction to actual cases and controversies.'" *Hein*, 551 U.S. at 598 (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). Under the case or controversy requirement, there "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguishable from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) *see also Longway*, 24 F.3d at 400 ("An issue is ripe for judicial resolution only if it presents a real, substantial controversy, not a mere hypothetical question. Pursuant to ripeness doctrine, we must avoid entangling ourselves in abstract disagreements and engaging in premature adjudication.")

(internal citations and quotation marks omitted).

Consistent with the case or controversy requirement, "federal courts may adjudicate only live controversies and must generally refrain from issuing advisory opinions." *In re Wright*, 220 B.R. 543, 544 (S.D.N.Y. 1998) (citing *United States v. Fruehauf*, 365 U.S. 146 (1961)).

> "Such opinions, such advance expressions of legal judgment upon issues which remain unfocused because they are not pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests, we have consistently refused to give."

*Han v. Fin. Supervisory Serv.*, 2017 U.S. Dist. LEXIS 166691, at *12 (S.D.N.Y. Oct. 6, 2017) (quoting *Fruehauf*, 365 U.S. at 157). Bankruptcy Courts, like Article III Courts, are precluded from issuing advisory opinions. *In re Alcibiades & Irma Nunez*, 2000 U.S. Dist. LEXIS 12078, at *17 (E.D.N.Y. Mar. 17, 2000); *Kirschenbaum v. Fed. Ins. Co. (In re EMS Fin. Servs., LLC)*, 2013 Bankr. LEXIS 139, at *15 (Bankr. E.D.N.Y. Jan. 4, 2013); *In re Wright*, 220 B.R. at 544.

The Bankruptcy Court erred in holding that "no grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case [pursuant to 11 U.S.C. § 324]" because that issue was not before the Bankruptcy Court. The Debtor did not seek relief under Section 324, but rather, he sought relief from the Despins Appointment Order under Fed. R. Civ. P.

60(b). In fact, there is not even a reference to Section 324 in Motion for Relief or any of the responsive pleadings thereto filed by the UST, PAX, the Trustee, the Committee, and others. Moreover, the discussion of Section 324 at the August 1 Hearing focused on the fact that the Debtor did not file a motion seeking relief under that section. (Hearing Tr., 61:11 – 63:2, App. at A-681-83.)

Here, the Bankruptcy Court issued an advisory ruling in the Relief Order to the extent that it concluded that "no grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case" under Section 324. Because there was no motion to remove the Trustee filed, the Bankruptcy Court clearly decided an "abstract, hypothetical, or contingent" question as to whether there were grounds to remove the Trustee under Section 324. *See In re Wright*, 220 B.R. at 544. The Bankruptcy Court lacked subject matter jurisdiction to enter the Relief Order to the extent that it was an advisory opinion as to the outcome of some future Section 324 motion because there was no actual controversy before the Bankruptcy Court with regard to removal for cause under Section 324. *See Han*, 2017 U.S. Dist. LEXIS 166691, at *12-13.

This conclusion is made even more clear because different standards govern the removal of a Trustee and motion for relief from an order.[2] A trustee may be

---

[2] The Bankruptcy Court recognized this at the August 1 Hearing. (Hearing Tr., 66:5-6, App. at A-686 (". . . the standards under Rule 60 and the standards under 324 are completely different.").)

removed for "cause." 11 U.S.C. §324(a). "The Bankruptcy Code does not define 'cause,' but case law generally requires a showing of fraud or actual injury to a debtor's interests." *In re Empire State Conglomerates, Inc.*, 546 B.R. 306, 316-17 (Bankr. S.D.N.Y. 2016) (collecting cases). Conversely, under the subsections of Federal Rule of Civil Procedure upon which the Debtor relied in seeking relief from the Despins Appointment Order, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . (6) any other reason that justifies relief." "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). Therefore, the fact that the Motion for Relief was before the Bankruptcy Court did not permit it to enter an advisory opinion regarding relief governed by different authority and determined under a different standard.

## II.   **The Bankruptcy Court Erred Because It Failed to Provide the Debtor with Notice of Its Decision with Respect to Section 324 or an Evidentiary Hearing**

As noted above, Section 324(a) provides that "[t]he court, after notice and a hearing, may remove a trustee … for cause." Where notice and an

opportunity to be heard are required under a statute, they must be provided

before a Court acts *sua sponte* under that statute. *See Ethridge v. Bell*, 49

F.4th 674, 687 (2d Cir. 2022).

> "No principle is more fundamental to our system of judicial administration than that a person is entitled to notice before adverse judicial action is taken against him. This is because providing the adversely affected party with notice and an opportunity to be heard plays an important role in establishing the fairness and reliability of the court's decision and avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case."

*Id.* at 687-88 (quoting *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82

(2d Cir. 2018)). Further, a Bankruptcy Court decision may be vacated and

remanded for further proceedings when the Court does not take evidence and make

findings of fact where there are disputed issues of fact. *Goldman, Sachs & Co. v.*

*Esso Virgin Is., Inc. (In re Duplan Corp.)*, 212 F.3d 144, 156-57 (2d Cir. 2000)

("These [factual] matters are disputed in this case, and thus require the bankruptcy

court to make findings of fact. The Bankruptcy Court in this case did not make the

necessary findings of fact. During the hearing on Goldman's motion, the

Bankruptcy Court refused to take proffered evidence [on disputed material facts] . .

. .").

Here, the Debtor was given absolutely no notice that the Bankruptcy Court

was going to issue a decision regarding the availability of relief under Section 324.

The Debtor never sought such relief, and the issue of whether the Trustee should

be removed for cause under Section 324 was not before the Bankruptcy Court as indicated by the Bankruptcy Court itself. In fact, the Bankruptcy Court indicated that the Debtor could bring a separate motion under Section 324. (Hearing Tr., 67:4-5, App. at A-687 ("So if you want to file a motion and try to meet the requirements of 324, you're welcome to do so.").) The Debtor did not have an opportunity to make any argument as to why the Trustee should be removed in papers filed with the Court, the Debtor did not have any opportunity to conduct discovery to support a motion to remove the Trustee, the Debtor did not have an opportunity to address any arguments to the Bankruptcy Court at a hearing on a motion to remove the Trustee, and the Bankruptcy Court did not take any evidence in connection with its ruling that there is no basis to remove the Trustee. Thus, for this additional reason, the Bankruptcy Court erred and the Relief Order should be vacated to the extent that it found no relief was available under Section 324.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Relief Order should be vacated to the extent that it found that "no grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case" under Section 324.

Dated at Bridgeport, Connecticut on this 9ᵗʰ day of December, 2022.

**THE DEBTOR,**
**HO WAN KWOK**

*/s/ John L. Cesaroni*
Eric Henzy (ct12849)
John L. Cesaroni (ct29309)
10 Middle Street, 15ᵗʰ Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
        jcesaroni@zeislaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of December, 2022, a copy of foregoing Brief of the Appellant Ho Wan Kwok and the appendix thereto was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


*/s/ John L. Cesaroni*
John L. Cesaroni (ct29309)

16