3:22-cv-1019-KAD

---

IN THE UNITED STATES DISTRICT COURT
for the DISTRICT OF CONNECTICUT

---

IN RE:  HO WAN KWOK, *ET AL.*, DEBTORS

---

HO WAN KWOK, APPELLANT,

v.

LUC A. DESPINS, CHAPTER 11 TRUSTEE, APPELLEE.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF CONNECTICUT

Bankruptcy Case No. 22-50073-JAM

---

**BRIEF FOR APPELLEE
LUC A. DESPINS, CHAPTER 11 TRUSTEE**

---

DOUGLAS S. SKALKA, ESQ.
PATRICK R. LINSEY, ESQ.
Neubert, Pepe, & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Direct: (203) 781-2847
Fax:    (203) 821-2008
plinsey@npmlaw.com

*and*

NICHOLAS A. BASSETT (*pro hac vice*)
Paul Hastings LLP
2050 M Street NW
Washington, D.C., 20036
Tel: (202) 551-1902
nicholasbassett@paulhastings.com

*and*

LUC A. DESPINS (*pro hac vice*)
AVRAM E. LUFT (*pro hac vice*)
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6079
lucdespins@paulhastings.com
aviluft@paulhastings.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................ii

JURISDICTIONAL STATEMENT .................................................................. 1

COUNTERSTATEMENT OF ISSUES PRESENTED ..................................... 6

STATEMENT OF THE CASE ......................................................................... 7

    I.   Case Background ....................................................................... 7

    II.  The Motion to Vacate ................................................................ 9

SUMMARY OF ARGUMENT ....................................................................... 12

STANDARD OF REVIEW ............................................................................ 14

ARGUMENT ................................................................................................. 15

    I.   Bankruptcy Court Did Not Issue an Advisory Opinion .............. 15

    II.  Bankruptcy Court's Ruling Under Section 324 Did Not Deprive the
           Debtor of Notice, Discovery, or an Evidentiary Hearing.............. 18

STATEMENT REGARDING ORAL ARGUMENT ...................................... 21

CONCLUSION .............................................................................................. 22

CERTIFICATE OF COMPLIANCE .............................................................. 23

CERTIFICATION OF SERVICE ................................................................... 24

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re 50-Off Stores, Inc.*,
231 B.R. 592 (Bankr. W.D. Tex. 1999)..............................................................19

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937)..........................................................................................15

*In re Ampal-American Israel Corp.*,
554 B.R. 604 (S.D.N.Y. 2016),
*aff'd*, 691 Fed. Appx. 12 (2d Cir. 2017) ...........................................................14

*Bernacchi v. First Chicago Ins. Co.*,
52 F.4th 324 (7th Cir. 2022) .............................................................................16

*Concrete Capital, LLC v. Olympic Property Partners, LLC (In re
Olympic Property Partners, LLC)*,
566 B.R. 334 (S.D.N.Y. 2017) ............................................................................5

*Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan v.
M&S Grading, Inc. (In re M&S Grading, Inc.)*,
2007 U.S. Dist. LEXIS 87483 (D. Neb. Nov. 28, 2007) ...................................18

*In re Dana Corp.*,
574 F.3d 129 (2d Cir. 2009) ..............................................................................14

*Eastern Livestock Co., LLC v. Knaue
(In re Eastern Livestock Co., LLC)*,
No. 4:12-cv-00126-TWP-WGH,
2013 WL 4479080 (S.D. Ind. Aug. 20, 2013) .....................................................3

*France v. U.S. Trustee*,
No. 2:20-cv-04199-BHH-MHC, 2022 WL 494118
(D.S.C. Jan. 27, 2022)......................................................................................1, 3

*Gonzalez v. Miranda (In re Gonzalez)*,
507 B.R. 775 (D.P.R. 2014)................................................................................3

*Granderson v. Carpenter (In re Granderson)*,
  252 B.R. 1 (B.A.P. 1st Cir. 2000)......................................................................4

*Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
  920 F.3d 1 (D.C. Cir. 2019) ............................................................................17

*ISI Int'l, Inc., Borden Ladner Gervais LLP*,
  256 F.3d 548 (7th Cir. 2001) ..........................................................................16

*Keeler v. Joy*,
  641 F.2d 1044 (2d Cir. 1981) ..........................................................................18

*Maiman v. Spizz (In re Ampal-American Isr. Corp.)*,
  691 F. App'x 12 (2d Cir. 2017) .........................................................................4

*Miller v. Miller (In re Miller)*,
  302 B.R. 705 (10th Cir. BAP 2003) ...................................................................4

*In re Pace*,
  456 B.R. 253 (Bankr. W.D. Tex. 2011)............................................................17

*Pacific Alliance Asia Opportunity Fund L.P. v. Ho Wan Kwok*,
  Index No. 652077/2017 (N.Y. Sup. Feb. 9, 2022) .........................................7, 8

*In re Penn Cent. Transp. Co.*,
  771 F.2d 762 (3d Cir. 1985) ............................................................................19

*Pfoutz v. State Farm Mut. Auto. Ins. Co.*,
  861 F.2d 527 (8th Cir. 1988) ..........................................................................16

*In re Regan*,
  No. 3:21-cv-1231 (BKS),
  2022 WL 16744175 (N.D.N.Y. Nov. 7, 2022)....................................................3

*In re Schultz Mfg. Fabricating Co.*,
  956 F.2d 686 (7th Cir. 1992) ............................................................................4

*Sekerke v. City of National City*,
  No. 19-cv-1360-LAB (MSB), 2020 U.S. Dist. LEXIS 138656
  (S.D. Cal. Aug. 3, 2020) .................................................................................19

*Silva v. Farrish*,
  47 F.4th 78 (2d Cir. 2022) ..............................................................................15

*Smith-Scott v. Liebmann*,
  RDB-15-3637, 2016 WL 1084127 (D. Md. Mar. 18, 2016) ................................3

*In re Soundview Elite Ltd.*,
  646 Fed. Appx. 1 (2d Cir. 2016)........................................................................14

*In re Steffen*,
  No. 09-cv-00353, 2011 WL 13174777(M.D. Fla. Oct. 12, 2011) ....................19

*SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*,
  676 F.3d 798 (9th Cir. 2012) ................................................................................2

*Tennant v. Rojas (In re Tennant)*,
  318 B.R. 860 (B.A.P. 9th Cir. 2004) ..................................................................18

*Thomas v. Grisby*,
  556 B.R. 714 (D. Md. 2016)..............................................................................2, 3

*In re Wring*,
  No. 14-8049, 2015 Bankr. LEXIS 2032
  (B.A.P. 6th Cir. June 22, 2015) ...........................................................................4

## Statutes

11 U.S.C. § 324(a) ........................................................................................14, 15

28 U.S.C.
  § 158(a)(1) ........................................................................................................1, 4
  § 158(a)(3) .............................................................................................................5
  § 1292(b)................................................................................................................5

Bankruptcy Code
  § 102(1)(A) ..........................................................................................................18
  § 1104(d) ...............................................................................................................9

## Other Authorities

Fed. R. Bankr. Pro.
  R. 8004(a)(2).........................................................................................................5
  R. 8004(b)(2) .........................................................................................................5
  R. 9024..................................................................................................................9
  R. 9024(b) ............................................................................................................12

Federal Rules of Civil Procedure 60(b) ..........................................................*passim*

Appellee Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor") respectfully submits this brief in response to the opening brief submitted by the Debtor [ECF No. 18] (the "Opening Brief"), seeking reversal of the order of the United States Bankruptcy Court, District of Connecticut (Manning, J.) (the "Bankruptcy Court") denying the Debtor's *Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee* (the "Motion to Vacate") on the basis that the Debtor failed to present grounds to remove the Trustee under section 324 of title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTIONAL STATEMENT

The sole issue on this appeal is whether the Bankruptcy Court properly reached the question of whether to deny the Motion to Vacate because the Debtor had failed to present grounds to remove the Trustee under section 324 of the Bankruptcy Code.  The Debtor is **not** otherwise challenging the denial of the Motion to Vacate, including on the grounds that the Debtor failed to satisfy the standards under Rule 60(b) of the Federal Rules of Civil Procedure.

The Debtor asserts that this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from (1) final judgments, orders,

decrees … of bankruptcy judges."  However, an appeal of an order denying the

removal of a trustee under section 324 of the Bankruptcy Code is *not* a final,

appealable order.  As the Ninth Circuit explained:

> The bankruptcy court's order denying removal of the trustee
> is not final: It neither resolves no seriously affects
> substantive rights, nor finally determines the discrete issue
> to which it is addressed, since the trustee could be removed
> at a later time. ***Moreover, if a party could file an
> interlocutory appeal every time he tried unsuccessfully to
> remove a trustee, he could bring the litigation to a never-
> ending standstill.***

*SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012)

(order denying motion to remove trustee is not final order) (emphasis added).  The

foregoing conclusion is not affected by the fact that an order ***granting*** removal of a

trustee is a final order.  In particular, as the Ninth Circuit explained,

> the two situations—removal and denial of removal—are not
> symmetrical.  So long as a trustee remains in office, the
> status quo ante continues and his actions may be reviewed
> throughout the bankruptcy proceedings.  However, when a
> trustee is removed for cause, such an order alters the status
> quo ante because the trustee can no longer act in the
> continued bankruptcy proceedings.  Therefore, since an
> order denying removal of the trustee preserves the status quo
> ante and may be later revisited, such an order is not an
> appealable final order.

*In re SK Foods, L.P.*, 676 F.3d at 802.  *See also Thomas v. Grisby*, 556 B.R. 714,

719 (D. Md. 2016) (denying removal of the Trustee "does not conclusively

foreclose [the Debtor] from challenging the Trustee's actions going forward").

2

The overwhelming weight of authority agrees with the Ninth Circuit's analysis.  *See, e.g.*, *In re Regan*, No. 3:21-cv-1231 (BKS), 2022 WL 16744175, at *5  (N.D.N.Y. Nov. 7, 2022) (because order denying removal of trustee "does not terminate the proceeding from which the order arises [*i.e.*, administration of the estate by the appointed trustee], such an order is not final and immediately appealable"); *France v. U.S. Trustee*, No. 2:20-cv-04199-BHH-MHC, 2022 WL 494118, at *2 (D.S.C. Jan. 27, 2022) (order denying request to remove trustee was not a final appealable order because it does not "definitively dispose of discrete disputes within the overarching bankruptcy case") (quoting *Ritzen Grp. Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020)); *Smith-Scott v. Liebmann*, RDB-15-3637, 2016 WL 1084127, at *2 (D. Md. Mar. 18, 2016) (order denying removal of trustee because "it neither resolves nor seriously affects substantive rights, nor finally determines the discrete issue to which it is addressed, since the trustee could be removed at a later time"); *Thomas v. Grisby*, 556 B.R. at 719 ("order denying removal [of the trustee] is properly construed as non-final because the denial preserves the status quo rather than upsets it"); *Gonzalez v. Miranda (In re Gonzalez)*, 507 B.R. 775, 777 (D.P.R. 2014) (order denying removal of trustee "is not a final and appealable order, as it does not resolve and seriously affect substantive rights, and it does not determien the 'discrete' issue to which it is addressed"); *Eastern Livestock Co., LLC v. Knauer (In re Eastern Livestock Co.,*

*LLC)*, No. 4:12-cv-00126-TWP-WGH, 2013 WL 4479080, at *4 (S.D. Ind. Aug. 20, 2013) ("order [denying removal of the trustee] is not a final order subject to 28 U.S.C. § 158(a)(1)."); *see also* 3 Collier on Bankruptcy ¶ 324.03 (16th Ed. 2019) ("The decision to remove a trustee is a final appealable order. An order denying removal of a trustee, however, is not a final order, and cannot be immediately appealed except with leave of the court.").

The cases cited by the Debtor for the contrary proposition are not only in the minority, but they are not persuasive, and, in any event, not controlling authority. For example, the Seventh Circuit in *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686 (7th Cir. 1992), simply assumed, without any analysis of finality, that an order denying the trustee's appointment was a final order.[1]  Further, the Second Circuit decision in *Maiman v. Spizz (In re Ampal-American Isr. Corp.)*, 691 F. App'x 12, 16 (2d Cir. 2017), is not only an unpublished decision that has no precedential effect, but this decision also assumed, without analysis, that an order denying a request to remove a trustee is a final order.  And the bankruptcy appellate panel in *Granderson v. Carpenter (In re Granderson)*, 252 B.R. 1, 4 (B.A.P. 1st Cir. 2000), relied on cases involving orders appointing a trustee or orders vacating the

---

[1]     *See also Miller v. Miller (In re Miller)*, 302 B.R. 705, 708 (10th Cir. BAP 2003) (relying on *Schultz* without any further analysis); *In re Wring*, No. 14-8049, 2015 Bankr. LEXIS 2032, at *3 (B.A.P. 6th Cir. June 22, 2015) (relying on *Schulz, Miller*, and other decisions, all of which assumed, without any analysis, that an order denying a motion to remove trustee is a final order).

appointment of a trustee, both of which situations are clearly distinguishable from an appeal of an order ***denying*** a request to remove the trustee.

Because the Bankruptcy Court's order denying relief under section 324 of the Bankruptcy Code is not a final, appealable order, the Debtor cannot appeal such order as a matter of right, but instead must seek leave of this Court prior to filing his appeal.  *See* 28 U.S.C. § 158(a)(3).  The Debtor did not file such a motion for leave to appeal with either his Notice of Appeal, as required by Rule 8004(a)(2), (b) of the Federal Rules of Bankruptcy Procedure, but he did make a request for interlocutory appeal in his opening brief.

The Trustee submits that the Debtor's request should be denied because he has not met the three-part test for determining whether an interlocutory appeal of an order should be granted, namely that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *See* 28 U.S.C. § 1292(b).  Moreover, in the Second Circuit, granting such an appeal is disfavored and is a "rare exception to the final judgment rule."  *Concrete Capital, LLC v. Olympic Property Partners, LLC (In re Olympic Property Partners, LLC)*, 566 B.R. 334, 339 (S.D.N.Y. 2017) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)).

Here, the Bankruptcy Court's order denying removal of the Trustee involves no controlling question of law as to which there is a substantial ground for a difference of opinion.  While the Debtor frames this appeal as a challenge to the Bankruptcy Court's subject matter jurisdiction, he cannot escape the fact that he is appealing an order finding that he failed to establish grounds to remove the Trustee.  There is no legal support (and the Debtor cites to none) that such a ruling involves a controlling question of law as to which there is a substantial ground for a difference of opinion.  Nor would an immediate appeal advance the termination of the Debtor's Chapter 11 Case.  To the contrary, even if the Bankruptcy Court's decision as to section 324 were reversed on appeal, the Debtor's motion to vacate would still be denied (because, again, the Debtor is not challenging the Bankruptcy Court's denial of the motion on other bases).

In the event the Court concludes that the Bankruptcy Court's order denying the motion to vacate under section 324 of the Bankruptcy Code of the Bankruptcy was a final order or, alternatively, the Court grants the Debtor's request for interlocutory appeal, this brief sets forth below the Trustee's grounds to deny the appeal on the merits.

## COUNTERSTATEMENT OF ISSUES PRESENTED

Whether the Bankruptcy Court properly reached the question of whether the Debtor failed to established grounds to terminate the appointment of the Trustee or

remove the Trustee under section 324 of the Bankruptcy Code where (a) the

Debtor filed a motion to vacate the appointment of Trustee under Rule 60(b) of the

Federal Rules of Civil Procedure, (b) such motion set forth the Debtor's arguments

as to why the Trustee's appointment should be vacated, and (c) the Bankruptcy

Court held that such motion should have been brought, but was not brought,

pursuant to section 324.

## STATEMENT OF THE CASE

### I.  Case Background

Prior to the filing of the Chapter 11 Case, the Debtor was embroiled in years

of civil litigation commenced by Pacific Alliance Asia Opportunity Fund L.P.

("PAX") in the New York Supreme Court (the "State Court"), which litigation

resulted in (a) a judgment against the Debtor in excess of $116 million on February

3, 2021[2] and (b) the State Court issuing an order dated February 8, 2022 (the

"Contempt Decision") holding the Debtor in contempt for violating court orders

and imposing a fine in the amount of $134 million.[3]  As the presiding State Court

judge, Justice Ostrager, explained in the Contempt Decision, the Debtor "is a self-

declared multi-billionaire" who "secreted his assets in a maze of corporate entities

---

[2]   The Debtor has appealed that judgment.

[3]   Decision & Order on Motion, at 1 and 10, *Pacific Alliance Asia Opportunity Fund L.P. v. Ho Wan Kwok*, Index No. 652077/2017 (N.Y. Sup. Feb. 9, 2022), Trustee's Appendix ("Trustee's App.") at A-0226, A-0235.

and with family members" attempting to "avoid and deceive his creditors" in a scheme that "has enabled [the Debtor] to assert that he has no assets despite his lavish lifestyle."[4]  This is evidenced by, among other things, (i) the Debtor's "dominion and control"[5] over a 150-foot yacht, the *Lady May*, that he claims is owned by a company owned by his daughter, (ii) Debtor's multi-million dollar residence in Greenwich, Connecticut, which residence Debtor alleges is owned by a company owned by his wife, and (iii) a penthouse apartment at the Sherry-Netherland Hotel on Fifth Avenue in Manhattan, New York, to which Debtor has access, but which he claims is held in trust for the benefit of a company owned by his son.  There are several other assets connected to the Debtor that are the subject of the Trustee's ongoing investigation.

Shortly after the issuance of the Contempt Decision, on February 15, 2022, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.

On March 19, 2022, the United States Trustee moved for an order directing the appointment of an examiner or, in the alternative, a chapter 11 trustee (the "Chapter 11 Trustee Appointment Motion").  (Bankr. Dkt. No. 102, Trustee's App. at A-0001.)  On April 6, 2022, PAX filed a motion to dismiss the chapter 11 case or, in the alternative, a partial joinder to the Chapter 11 Trustee Appointment

---

[4]    *Id.* at A-0226.

[5]    *Id.* at A-0227.

Motion with respect to the relief of the appointment of a chapter 11 trustee. (Bankr. Dkt. No. 183, Trustee's App. at A-0166.)

On June 15, 2022, the Bankruptcy Court entered an order directing the United States Trustee to appoint a trustee in the Chapter 11 Case (the "Trustee Order"). (Bankr. Dkt. No. 465, Trustee's App. at A-0990.) On July 7, 2022, the United States Trustee filed his notice of appointment of Luc A. Despins as the chapter 11 trustee in the Chapter 11 Case and an application for approval of the appointment of Luc A. Despins pursuant to section 1104(d) of the Bankruptcy Code. (Bankr. Dkt. No. 515, Trustee's App. A-1012.)

On July 8, 2022, the Bankruptcy Court entered an order (the "Appointment Order") granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case. (Bankr. Dkt. No. 523,[6] Debtor's App. at A-156.)

## II.    The Motion to Vacate

On July 15, 2022, the Debtor filed his *Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee* (the "Motion to Vacate"). (Bankr. Dkt. No. 561, Debtor's App. at A-161.) The Motion to Vacate seeks to terminate the Appointment Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP 60(b)"), incorporated by Rule 9024 of the Federal Rules

---

[6]    Citations to the Appendix of Appellant (the "Debtor's App.") are to Appellant Ho Wan Kwok's Appendix [ECF No. 18-1].

of Bankruptcy Procedure, on the ground that the Trustee allegedly is not disinterested.

In support of the Motion to Vacate, the Debtor argued that the Trustee is not disinterested because (a) Paul Hastings LLP (*i.e.*, Trustee's counsel in the Chapter 11 Case and the law firm at which the Trustee is a partner) previously represented Pacific Alliance Group ("PAG"), the parent company of Pacific Alliance Asia Opportunity Fund ("PAX"), one of the largest unsecured creditors in the Chapter 11 Case, on unrelated matters (Motion to Vacate ¶ 10), and (b) the Trustee failed to disclose that Paul Hastings LLP has offices in China and does business in China, which the Debtor deemed significant because the People's Republic of China and the Chinese Communist Party are allegedly "directly and fiercely adverse" to the Debtor. (Motion to Vacate ¶ 2.)

On July 20, 2022, the Trustee filed his objection to the Motion to Vacate (the "Trustee's Objection to Motion to Vacate") arguing that the Debtor had failed to meet his burden for relief under FRCP 60(b).  (Bankr. Dkt. No. 575, Trustee's App. at A-1033.)  In his objection, the Trustee pointed out, among other things, that (a) Paul Hastings' prior representation of PAG on matters unrelated to the Chapter 11 Case was disclosed at the July 8, 2022 hearing on the Appointment Motion as well as in a supplemental declaration filed by the Trustee on July 12, 2022 (Trustee's Objection to Motion to Vacate ¶¶ 6, 16) and (b) neither the

Chinese government nor the Chinese Communist Party is a creditor or party in interest in the Chapter 11 Case, and, in any event, the fact that Paul Hastings (like numerous other U.S. law firms) has offices in China and does business in China is public knowledge.  The Motion to Vacate was also opposed by the United States Trustee (Bankr. Dkt. No. 615, Debtor's App. at A-315) and the Official Committee of Unsecured Creditors. (Bankr. Dkt. No. 621, Debtor's App. at A-606.)

On August 1, 2022, the Bankrupty Court held a hearing on the Motion to Vacate (the "August 1 Hearing").  At that hearing, the Bankruptcy Court denied the Motion to Vacate on two grounds: first, because the Debtor "didn't bring [the Motion to Vacate] under [section] 324 because that's the appropriate section to bring it under,"[7] (Aug. 1 Hr'g Tr. 66:10-12, Debtor's App. at A-686), and second, because the Debtor failed to "bring forth anything to [the Bankruptcy Court] under a Rule 60 motion that met the standard under a Rule 60 motion."  (Aug. 1, 2023 Hr'g Tr. 66:14-16, Debtor's App. at A-686.)  At the August 1 Hearing, the Bankruptcy Court also noted that the Debtor was "welcome" to file a motion to try to meet the requirements of section 324, but the Bankruptcy Court noted that "you

---

[7]   As the Bankruptcy Court observed, relying on Collier, "Rule 60 is not the appropriate way to challenge the appointment of a trustee . . . because the Court's not involved in the appointment. . . .  The U.S. Trustee's involved in the appointment."  (Aug. 1, 2023 Hr'g Tr. at 61:16-19, Debtor's App. at A-681.)  *See also* 3 Collier on Bankruptcy ¶ 324.01 ("Once appointed in a case, a trustee can be removed from that case only by the bankruptcy court and ***only under section 324***.") (emphasis added).

already argued all of those issues in your Rule 60(b) motion and I'm denying it."
(Aug. 1, 2023 Hr'g Tr. 67:6-7, Debtor's App. at A-687.)  Further, at the August 1
Hearing, the Bankrupcty Court concluded that because the Motion to Vacate was
denied, "[a]ny discovery . . . associated with it, is moot."  (Aug. 1, 2023 Hr'g Tr.
63:15-16, Debtor's App. at A-683.)

On August 2, 2022, the Bankruptcy Court issued its formal order denying
the Motion to Vacate on the bases that (a) "none of the grounds for relief set forth
in Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024(b) exist to relieve the Debtor from
the" Appointment Order and (b) "no grounds exist to terminate the appointment of
Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's
case."  (Bankr. Dkt. No. 667, Debtor's App. at A-786.)  This appeal followed.[8]

## SUMMARY OF ARGUMENT

The sole question on appeal before this Court is whether the Bankruptcy
Court properly reached the question of whether the Motion to Vacate should be
denied under section 324 of the Bankruptcy Code (in addition to denial under
FRCP 60(b)) where the Motion to Vacate had framed the relief sought as relief

---

[8]   The Trustee also notes that recently the Debtor filed another motion seeking to remove the
Trustee—this time filing a motion under section 324 of the Bankruptcy Code (the "Second
Removal Motion").  (*See* Bankr. Dkt. No. 1274, Trustee's App. at A-1077.)  The Second Re-
moval Motion seeks to remove the Trustee based on certain alleged misconduct of the Trus-
tee in connection with settlement discussions in the Chapter 11 Case.  The Trustee rejects
these allegations and intends to object to the Second Removal Motion before the Bankruptcy
Court.

under FRCP 60(b).  To be clear, the Debtor is **not** appealing the Bankruptcy Court's denial of the Motion to Vacate on the basis that the Debtor failed to meet the legal standards under FRCP 60(b) or that the motion should have been, but was not, brought under section 324 of the Bankruptcy Court.

Contrary to the Debtor's assertion, the Bankruptcy Court's decision to deny the Motion to Vacate under section 324 was not an advisory opinion nor was such decision otherwise improper.  For one, the Motion to Vacate sought to terminate the Trustee Appointment Order for the obvious purpose of removing the Trustee—the exact relief provided for under section 324 of the Bankruptcy Code.  Indeed, given that purpose, the Bankruptcy Court concluded that the propor statutory framework to seek removal of the Trustee is section 324 of the Bankruptcy Court (not FRCP 60(b)), a conclusion that, again, the Debtor does not challenge on appeal.  Obviously, courts must apply the correct statutory framework based on the issues presented, which, in this instance, was section 324 of the Bankruptcy Code.  Moreover, the Motion to Vacate set forth in detail the Debtor's arguments and factual allegations as to why, according to the Debtor, the Trustee should not continue to serve as the chapter 11 trustee in the Chapter 11 Case.  The Court correctly rejected these arguments and factual allegations as insufficient to meet the standards under either FRCP 60(b) or section 324 of the Bankruptcy Code.  Accordingly, the Bankruptcy Court addressed a real and substantial controversy—

namely the Debtor's attempt to remove the Trustee based on the arguments and factual allegations made in the Motion to Vacate.

Further, this Court should reject the Debtor's argument that the Bankruptcy Court did not provide him with notice that it would decide the Motion to Vacate under section 324 of the Bankruptcy Court.  For one, "notice and a hearing" is only required for the court to ***remove*** the trustee, not to deny a request to remove the trustee.  Indeed, the purpose of the notice and hearing requirement under section 324 is to protect the rights of the trustee and other non-moving parties in interest whose rights may be adversely affected if the requested relief were granted—it is not to protect the party seeking relief.  Nor was the Debtor deprived of his right to seek discovery or to an evidentiary hearing.  Having found that the Motion to Vacate failed to present grounds to undo the appointment of the Trustee—whether under FRCP 60(b) or section 324 of the Bankruptcy Code—the Bankruptcy Court correctly concluded that any request for discovery to further explore the arguments raised in the Motion to Vacate was moot.

## STANDARD OF REVIEW

The standard of review is abuse of discretion. *See In re Dana Corp.*, 574 F.3d 129, 145 (2d Cir. 2009) ("An abuse of discretion may consist of an error of law or a clearly erroneous finding of fact, or a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located

within the range of permissible decisions.") (internal citations and quotations omitted); *In re Soundview Elite Ltd.*, 646 Fed. Appx. 1 (2d Cir. 2016) ("A bankruptcy court's denial of a motion to remove the trustee under 11 U.S.C. § 324(a) is reviewed for abuse of discretion."); *In re Ampal-American Israel Corp*., 554 B.R. 604, 624 (S.D.N.Y. 2016), *aff'd*, 691 Fed. Appx. 12 (2d Cir. 2017) (finding denial of a motion to remove a trustee under section 324 is reviewed for abuse of discretion).

## **ARGUMENT**

## I.      **Bankruptcy Court Did Not Issue an Advisory Opinion**

Under Article III of the Constitution, the jurisdiction of federal courts is limited to "cases" or "controversies." U.S. Const. art. III, § 2; *Silva v. Farrish*, 47 F.4th 78, 86 (2d Cir. 2022).  The case or controversy requirement mandates that there be "a real and substantial controversy" as opposed to "an opinion advising what the law would be upon a hypothetical state of facts."  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).  Here, the Court should reject the Debtor's argument that the Bankruptcy Court issued an improper advisory opinion when it denied the Motion to Vacate on the basis that this motion failed to present grounds to remove the Trustee under section 324 of the Bankruptcy Code.[9]

---

[9]    Section 324(a) of the Bankruptcy Code provides that "[t]he court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause."

For one, it cannot be disputed that the sole purpose of the Motion to Vacate was to remove the Trustee, which is the very subject of section 324. Indeed, even though the Motion to Vacate was framed as seeking relief under FRCP 60(b), it set forth the Debtor's arguments and factual allegations as to why, in the Debtor's view, the Trustee should not continue to serve as the chapter 11 trustee in the Chapter 11 Case, arguments and allegations that the Court correctly rejected as insufficient to meet the standards under either FRCP 60(b) or section 324. As such, the Bankruptcy Court's denial of the Motion to Vacate under section 324 was not based on a hypothetical state of facts or some abstract disagreement, but an actual controversy.

Moreover, the fact that the Debtor did not bring the Motion to Vacate under section 324 of the Bankrupcty Code does not mean that the court erred in applying section 324 to the controversy before the Bankruptcy Court. Obviously, courts must apply the correct statutory framework to the issues presented. *See, e.g.*, *Bernacchi v. First Chicago Ins. Co.,* 52 F.4th 324, 328-29 (7th Cir. 2022) (rejecting plaintiff-appellant's argument that district court erred by granting motion to dismiss on grounds not raised by defendant-appellee resulting in plaintiff having insufficient notice and opportunity to be heard); *ISI Int'l, Inc., Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001) ("Although the parties did not alert the district judge to Rule 4(k)(2), and [plaintiff-appellant] did not rely on that

rule in its appellate brief, it is best to excuse the forfeiture.  Federal courts are entitled to apply the right body of law, whether the parties name it or not."); *Pfoutz v. State Farm Mut. Auto. Ins. Co*., 861 F.2d 527, 530 n. 3 (8th Cir. 1988) (stating "the district court made no reference to Mo. Stat. § 307.010 and the parties did not raise the statutory provision prior to oral argument [where it was raised by the panel]" but the court stated that nevertheless "we rely on [that] statute."); *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 22 (D.C. Cir. 2019) (stating there is an  "'independent power' to identify and apply the correct law"); *In re Pace*, 456 B.R. 253, 273 n. 5 (Bankr. W.D. Tex. 2011) ("Although the Plaintiff did not specifically plead or address this section of the TUFTA in its papers or at the hearing, the court will nonetheless address this section as it is applicable to the facts of this case.").

Here, as the Bankruptcy Court made clear at the August 1 Hearing, the relief sought by the Debtor—*i.e.*, undoing the appointment of the Trustee—should have been brought under section 324 of the Bankrupcty Court.  In fact, this was one of the bases for the Bankruptcy Court's denial of the Motion to Vacate, which denial the Debtor does not challenge on appeal.

Finally, it is of no moment that FRCP 60(b) and section 324 of the Bankruptcy Code are governed by different legal standards.  The Motion to Vacate presented the Debtor's arguments and factual allegations as to why the

appointment of the Trustee should be undone—all of which the Bankruptcy Court found to be insufficient to grant relief under either FRCP 60(b) or section 324. In other words, this is not a situation where the Debtor would have advanced different arguments or different legal theories for the removal of the Trustee, had he known that such relief is governed by section 324.

For all these reasons, the Bankruptcy Court's denial of the Motion to Vacate under section 324 of the Bankruptcy Code was not an advisory opinion.

## II. Bankruptcy Court's Ruling Under Section 324 Did Not Deprive the Debtor of Notice, Discovery, or an Evidentiary Hearing

The Court should also reject the Debtor's argument that the Bankruptcy Court failed to provide him with notice that the Bankruptcy Court would decide the matter under section 324 (in addition to FRCP 60(b)). For one, section 324 provides that "[t]he court, after notice and hearing, may ***remove*** a trustee . . . ." 11 U.S.C. § 324 (emphasis added). While that section requires notice and hearing for the trustee to be removed, that requirement does not apply for the court to deny a request to remove the trustee. *See Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan v. M&S Grading, Inc. (In re M&S Grading, Inc.)*, 2007 U.S. Dist. LEXIS 87483, at *16 (D. Neb. Nov. 28, 2007) (section 324 "clearly requires a hearing for the trustee to be removed, but not for a motion to remove the trustee to be denied. The bankruptcy court made no error of law in choosing not to hold a hearing, and the Plans point to no factual error. Therefore, there was no

abuse of discretion and the judgment in this case should also be affirmed."), *aff'd*, 541 F.3d 859, 867 (8th Cir. 2008); *In re Steffen*, No. 09-cv-00353, 2011 WL 13174777, at *3 (M.D. Fla. Oct. 12, 2011) ("[section 324 employs] language authorizing relief to be granted 'after notice and a hearing.'" … but does not "purport to require a hearing of any type, evidentiary or otherwise, before denying relief").

In any event, section 102(1)(A) of the Bankruptcy Code defines the phrase, "after notice and a hearing" to be "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." *See* 11 U.S.C. § 102(1)(A). Therefore, the concept of "notice and a hearing" is a flexible one. *See* 2 Collier on Bankruptcy ¶ 102.02 (16th ed.); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 870-71 (B.A.P. 9th Cir. 2004). Importantly, the notice requirement serves to protect the trustee and other parties in interest whose rights might be adversely affected by the relief sought, not the moving party. *See Keeler v. Joy*, 641 F.2d 1044, 1048 (2d Cir. 1981) ("The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending hearing."); *In re Penn Cent. Transp. Co.*, 771 F.2d 762, 768 (3d Cir. 1985) ("the purpose of the notice requirement is to advise individuals who will be affected by the outcome of any proceeding of the impending hearing so that they can take steps to safeguard

their interests."); *Sekerke v. City of National City*, No. 19-cv-1360-LAB (MSB), 2020 U.S. Dist. LEXIS 138656, at *13 (S.D. Cal. Aug. 3, 2020) ("The notice requirement is imperative as it "enable[s] the opposing party to defend itself effectively."); *In re 50-Off Stores, Inc.*, 231 B.R. 592, 593 (Bankr. W.D. Tex. 1999) ("Parties whose interests may be adversely affected by a judicial proceeding are entitled to notice of that proceeding. . . . The notice requirement of the Due Process Clause prevents one party from ambushing others without giving those others an opportunity to protect their interests.").  Nor does the Debtor provide any support whatsoever for the proposition that a movant is entitled to notice and a hearing to the extent a bankruptcy court determines that the relief sought should be analyzed under a different statutory framework than the one set forth in the movant's motion.

Even so, the Bankruptcy Court informed the Debtor at the August 1 Hearing that it believed that the proper statutory framework for removal of a chapter 11 trustee was section 324, not FRCP 60(b).  (Aug. 1, 2023 Hr'g Tr. at 61:11-19; 62:3-13, Debtor's App. at A-681-82.)  Moreover, at the July 21, 2022 status conference, the Bankruptcy Court asked the Debtor why he was not moving under section 324. (July 21, 2022 Hr'g Tr. 55:12-14, Debtor's App. at A-253.)  The Debtor thus had the opportunity to respond to removal under section 324 but chose not to do so.

Nor should the Debtor be allowed benefit from his willful decision to ignore the controlling statute (*i.e.*, section 324 of the Bankruptcy Code) and rely on the incorrect framework (*i.e.*, FRCB 60(b)) in order to obtain better appellate rights. Indeed, the Bankruptcy Court recognized this obvious "strategy" at the August 1 Hearing:

> And the way that you have to proceed is a motion of 324. And if that motion is denied, it's ***not a final appealable order***. Which obviously you want the Rule 60 to be an appealable order.  So we're not – we're not proceeding down the Rule 60 road, because according to sources that I've looked at, it's not appropriate.

(Aug. 1, 2023 Hr'g Tr. at 62:3-9, Debtor's App. at A-682.) (emphasis added)

Finally, the Bankruptcy Court's denial of the Motion to Vacate rendered any discovery moot.  As noted, the Bankruptcy Court found the allegations and arguments in the Motion to Vacate did not establish sufficient grounds to vacate the Appointment Order or remove the Trustee under section 324 of the Bankruptcy.  The Bankruptcy Court thus correctly concluded that no discovery on these issues was warranted.

## STATEMENT REGARDING ORAL ARGUMENT

The Trustee respectfully requests that the Court schedule oral argument on this appeal.

## <u>CONCLUSION</u>

For all these reasons, this Court should affirm the Bankruptcy Court's denial of the Motion to Vacate on the basis that the Debtor failed to present grounds to remove the Trustee under section 324 of the Bankruptcy Code.

Dated: January 12, 2023

Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Patrick R. Linsey |
| Nicholas A. Bassett (*pro hac vice*) | Douglas S. Skalka (ct00616) |
| PAUL HASTINGS LLP | Patrick R. Linsey (ct29437) |
| 2050 M Street NW | NEUBERT, PEPE & MONTEITH, P.C. |
| Washington, D.C., 20036 | 195 Church Street, 13th Floor |
| (202) 551-1902 | New Haven, Connecticut 06510 |
| nicholasbassett@paulhastings.com | (203) 781-2847 |
|  | dskalka@npmlaw.com |
| *and* | plinsey@npmlaw.com |

Luc A. Despins (*pro hac vice*)
Avram E. Luft (*pro hac vice*)
PAUL Hastings LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
lucdespins@paulhastings.com
aviluft@paulhastings.com

*Counsel for the Trustee*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the page limit of Federal Rule of Bankruptcy Procedure 8015(a)(7)(A) because, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g), this brief does not exceed 30 pages.

2.      This brief complies with the typeface requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and the type-style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 Times New Roman font.

Dated: January 12, 2023                            */s/ Patrick R. Linsey*
                                                               Patrick R. Linsey

                                                               *Counsel for the Trustee*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on January 12, 2023, a copy of the foregoing Brief of

the Appellee Trustee and the appendix thereto was filed electronically.  Notice of

this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system or by mail to anyone unable to accept electronic filing as indicated on

the Notice of Electronic Filing. Parties may access this filing through the Court's

CM/ECF System.

*/s/ Patrick R. Linsey*
Patrick R. Linsey

*Counsel for the Trustee*
