UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: <br><br> HO WAN KWOK, <br><br>        Debtor. | Chapter 11 <br><br> Case No:  3:22-cv-1019 (KAD) |

**REPLY BRIEF OF THE APPELLANT HO WAN KWOK**

Eric Henzy (ct12849)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
      jcesaroni@zeislaw.com
Attorneys for Ho Wan Kwok

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

I.   THIS IS AN APPEAL FROM A FINAL ORDER OF THE BANKRUPTCY COURT ........................................................................................................1

II.   IF THE COURT FINDS THAT THE RELIEF ORDER IS NOT A FINAL ORDER, IT SHOULD TREAT THE NOTICE OF APPEAL AS A MOTION FOR LEAVE TO APPEAL AND GRANT THE SAME………………………….……4

III.   THE STANDARD OF APPELLATE REVIEW IS *DE NOVO* ......................6

IV.   THE RELIEF ORDER WAS AN ADVISORY OPINION…………………6

V.   THE DEBTOR WAS NOT PROVIDED ANY NOTICE ..............................8

VI.   CONCLUSION……………………………………………………….12

# TABLE OF AUTHORITIES

**Cases**

*Bethpage Fed. Credit Union v. Town of Huntington*
  *(In re Joe's Friendly Serv. & Son)*, 628 B.R. 181 (E.D.N.Y. 2021) .................... 5

*Bogdan Law Firm v. Marsh USA, Inc.*
  *(In re Johns-Manville Corp.)*, 551 B.R. 104 (S.D.N.Y. 2016) ....................... 8-9

*Bullard v. Blue Hills Bank*,
  575 U.S. 496 (2015) ................................................................. 2, 3, 4

*Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan v. M&S Grading, Inc. (In re M&S Grading, Inc.)*,
  2007 U.S. Dist. LEXIS 87483 (D. Neb. Nov. 28, 2007) ............................ 10-11

*In re Integrated Res.*,
  3 F.3d 49 (2d Cir. 1993) .............................................................. 1

*In re Irasel Sand, LLC*,
  569 B.R. 433 (Bankr. S.D. Tex. 2017) ............................................... 10

*In re Motors Liquidation Co.*,
  2015 Bankr. LEXIS 4445 (Bankr. S.D.N.Y. 2015) ..................................... 9

*In re Nales Perez*,
  506 B.R. 328 (Bankr. D. P.R. 2014) ................................................ 10

*In re Steffen*,
  No. 09-cv-00353, 2011 WL 13174777 (M.D. Fla. Oct. 12, 2011) .................... 11

*In re Wright*,
  220 B.R. 543 (S.D.N.Y. 1998) ....................................................... 7

*Kropelnicki v. Siegel*,
  290 F.3d 118 (2d Cir. 2002) ......................................................... 2

*Maiman v. Spizz*
  *(In re Ampal-American Isr. Corp.)*, 691 F. App'x 12 (2d Cir. 2017) ................. 1

*Matlin v. Spin Master Corp.*,
  979 F.3d 1177 (7th Cir. 2020) ....................................................... 6

*Mullane v. Central Hanover Bank & Trust Co.*,

    339 U.S. 306 (1950) .............................................................................................. 9

*North American Printing Ink Co. v. Regensteiner Printing Co.*,
    1992 U.S. Dist. LEXIS 5676 (N.D. Ill. 1992) ............................................... 9-10

*Regan v. Hon*
    *(In re Regan)*, 2022 U.S. Dist. LEXIS 201938 (N.D.N.Y. Nov. 7, 2022) .......... 3

*Religion Found.*,
    551 U.S. 587 (2007) ....................................................................................... 7

*Safir v. United States Lines, Inc.*,
    792 F.2d 19 (2d Cir. 1986) ............................................................................ 4

*United States v. Awadallah*,
    349 F.3d 42 (2d Cir. 2003) ............................................................................ 6

*United States v. Payne*,
    591 F.3d 46 (2d Cir. 2010) ............................................................................ 2

*William B. Schnach Ret. Tr. v. Unified Capital Corp.*
    *(In re Bono Dev.)*, 8 F.3d 720 (10th Cir. 1993) ............................................. 9

## Statutes

28 U.S.C. § 157 ............................................................................................................. 5
28 U.S.C. § 1292 ........................................................................................................... 5
11 U.S.C. § 102 ...................................................................................................... 9, 10
11 U.S.C. § 324 ................................................................................... 1, 5, 7, 8, 11, 12

## Rules

Fed. R. Bankr. P. 8004 .................................................................................................. 4
Fed. R. Civ. P. 60 ..................................................................................................... 8, 8

## Other

Collier on Bankruptcy ............................................................................................5, 10
19 Moore's Federal Practice – Civil ...............................................................................6

I.  **THIS IS AN APPEAL FROM A FINAL ORDER OF THE BANKRUPTCY COURT**

The Relief Order[1] was a final order of the Bankruptcy Court to the extent that the Bankruptcy Court held that no grounds existed for removal of the Trustee under Section 324. The Relief Order in that respect was an advisory opinion, which the Bankruptcy Court lacked subject matter jurisdiction to enter. Because the issue here is whether the Bankruptcy Court exceeded its jurisdiction, this Court has jurisdiction to hear this appeal.

Even assuming this appeal can be characterized as an appeal from the denial of a motion to remove the Trustee, the Relief Order is still a final order. "In sum, for a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all of the issues raised by the bankruptcy; but *it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.*" *In re Integrated Res.*, 3 F.3d 49, 53 (2d Cir. 1993). Thus, as the Second Circuit Court of Appeals stated in *Maiman v. Spizz (In re Ampal-American Isr. Corp.)*, 691 F. App'x 12, 16 (2d Cir. 2017), the appeal there, *inter alia*, from the District Court's denial of motion to remove trustee was an appeal from final judgment. Considering the denial of a motion to remove a trustee as final is clearly proper under the framework for finality explained in *Integrated Resources* because

---

[1] All capitalized terms herein shall have the same meaning as in the Brief of Appellant Ho Wan Kwok.

such denial resolves the discrete claim of whether the Trustee should be charged with the administration of the Debtor's estate.

The Trustee argues that the Second Circuit in *Maiman* assumed that an order denying a request to remove a trustee was final. (Brief for Appellee, Doc. No. 24 ("Appellee's Brief"), p.4.) However, the Second Circuit must, and has, raised the issue of its subject matter jurisdiction *sua sponte*. *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("A threshold matter not raised by either party or the district court concerns our subject matter jurisdiction over a portion of this appeal, which we are obliged to raise *sua sponte*."). Since it did not do so in *Maiman*, the Second Circuit must have determined that it had jurisdiction over the appeal. Moreover, the Trustee's argument that *Maiman* was a summary order is a red herring. "Denying summary orders precedent effect does not mean that the court considers itself free to rule differently in similar cases[.]" *United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010) (citation and quotation marks omitted).

Moreover, the reasoning in the cases cited by the Trustee is not persuasive. As the Supreme Court found in *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015), "[t]he rules [of finality] are different in bankruptcy[]" than they are in ordinary civil litigation. "A bankruptcy case involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. . . . Accordingly, Congress has long provided that

2

orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Id.* (quotation marks and citation omitted). In *Bullard*, the Court concluded that a bankruptcy court's denial of the confirmation of a Chapter 13 plan, without dismissing the case, is not a final order because "[t]he relevant proceeding is the process of attempting to arrive at an approved plan that would allow the bankruptcy to move forward[,]" which concludes when either a plan of reorganization is confirmed or where confirmation is denied and the case is dismissed. *Id.* at 502-03.

The rationale in the cases cited by the Trustee is not supported by *Bullard*. For example, in *Regan v. Hon (In re Regan)*, 2022 U.S. Dist. LEXIS 201938, at *16 (N.D.N.Y. Nov. 7, 2022), the Court concluded that the relevant proceeding was "the administration of the estate by the appointed trustee[.]" Taken to its logical extreme, this proposition is ridiculous because a Chapter 11 debtor in a case in which a trustee is appointed would have to wait until the conclusion of the case in order to appeal the appointment of the trustee. At that point, which could be years later, the damage to the debtor from the appointment and continued service of a trustee, whom the Debtor argued should have been removed, would be done, and there is likely little, if any, relief that an appeal would provide.

Thus, unlike the plan confirmation process, which can be viewed as a discrete part of a bankruptcy case, the reasoning in *Regan* would mean the relevant

3

proceeding was the entire case. This is clearly not what was intended in *Bullard*, 575 U.S. at 501, which made clear that "[a] bankruptcy case involves an aggregation of individual controversies[.]" (Citation and quotation marks omitted.) Moreover, the argument that allowing appeals from the denial of a motion to remove a trustee would "'bring the litigation to a never-ending standstill' 'every time he tried unsuccessfully to remove a trustee[]'" is simply not the case. Such appeals would not stay the bankruptcy case absent one being granted by the Bankruptcy Court or District Court. Additionally, the Bankruptcy Court and the District Court have the ability to sanction duplicative filings and other vexatious conduct; *see Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); and thus, there are protections against repetitive motions and appeals.

## II. IF THE COURT FINDS THAT THE RELIEF ORDER IS NOT A FINAL ORDER, IT SHOULD TREAT THE NOTICE OF APPEAL AS A MOTION FOR LEAVE TO APPEAL AND GRANT THE SAME

In the alternative, if the Court determines that this is not an appeal from a final order of the Bankruptcy Court, this Court can treat the notice of appeal as a motion for leave to appeal and grant such motion pursuant to Federal Rule of Bankruptcy Procedure 8004(d). As the Advisory Note to former Fed. R. Bankr. P. 8004(c) states:

> Subdivision (c) provides that if a party mistakenly believes the order appealed from is final and files only a notice of appeal, the appeal is not automatically dismissed. The district court or bankruptcy appellate panel has the options to direct that a motion be filed, to decide

> exclusively on the papers already filed to grant leave to appeal, or to deny leave to appeal.

(Reproduced in 10 Collier on Bankruptcy P 8004.10.) Thus, even assuming that the Debtor was incorrect in his determination that this appeal was from a final order, the Court can treat the notice of appeal as a motion for permission to appeal and grant it.

> There are ample grounds to permit an interlocutory appeal here.
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). First, "the question of subject matter jurisdiction represents a controlling question of law. . . ." *Bethpage Fed. Credit Union v. Town of Huntington (In re Joe's Friendly Serv. & Son)*, 628 B.R. 181, 186 (E.D.N.Y. 2021). Second, there are substantial grounds for disagreement because the issue here, whether the Bankruptcy Court issued an impermissible advisory opinion as to the applicability of Section 324 in this case, is both an issue of first impression and central to the administration of the estate. *See id.* at 186-87; *see also* 28 U.S.C. § 157(b)(2)(A) ("matters concerning the administration of the estate" are core proceedings). Last, a determination of whether it was appropriate to decide whether the Trustee should be removed is central to this bankruptcy case. Indeed,

5

the Debtor claims that the Trustee's law firm represented multiple parties related to the Debtor's largest creditor and also has a significant relationship with the Chinese Communist Party, who is directly and fiercely adverse to the Debtor. (Motion for Relief, App. at A-162, 165-171.) A determination of whether the Bankruptcy Court's decision was proper, thus, will help to determine the course of this bankruptcy case.

### III.  THE STANDARD OF APPELLATE REVIEW IS *DE NOVO*

The applicable standard of appellate review is here is *de novo*, and not abuse of discretion as argued by the Trustee. Because constitutional questions are reviewed *de novo*; *United States v. Awadallah,* 349 F.3d 42, 51 (2d Cir. 2003); the review of whether a decision was an unconstitutional advisory opinion is *de novo*. *Matlin v. Spin Master Corp.*, 979 F.3d 1177, 1181 (7th Cir. 2020) (citing *Lopez Ramos v. Barr*, 942 F.3d 376, 380 (7th Cir. 2019)). "Unfettered review of legal questions by appellate courts 'best serves the dual goals of doctrinal coherence and economy of judicial administration.'" 19 Moore's Federal Practice - Civil § 206.04 (quoting *Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991). That is especially true here where the constitutionality of the Relief Order is at issue. This Court's decision would guide Bankruptcy Courts in this district in similar matters in the future.

### IV.  THE RELIEF ORDER WAS AN ADVISORY OPINION

The Bankruptcy Court clearly issued an advisory opinion in holding that "no

grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case" pursuant to Section 324 because that issue was not before the Bankruptcy Court. The Trustee conflates this situation, where the Bankruptcy Court, *sua sponte* and without prior notice opined as to the applicability of Section 324, with situations where the issue is squarely before the Court. Here, the Bankruptcy Court clearly decided an "abstract, hypothetical, or contingent" question as to whether there were grounds to remove the Trustee under Section 324 because the Court was never asked to remove the Trustee. *See In re Wright,* 220 B.R. 543, 544 (S.D.N.Y. 1998). In fact, the Bankruptcy Court expressly recognized that no motion was filed pursuant to Section 324 and invited the Debtor to file such a motion if he wished. (Hearing Tr., 67:4-5, App. at A-687 ("So if you want to file a motion and try to meet the requirements of 324, you're welcome to do so.").) Thus, the proper question here is not whether it was proper for the Bankruptcy Court to deny the Motion for Reconsideration under Section 324, but rather, whether the Bankruptcy Court should have ruled on a non-existent Section 324 Motion at all. It plainly should not have done so because there was no case or controversy before it with respect to a motion to remove the Trustee. *See Hein v. Freedom from Religion Found.*, 551 U.S. 587, 597-98 (2007).

    Moreover, while there was some discussion on the record before the

7

Bankruptcy Court indicating that it believed that Section 324, rather than Fed. R. Civ. P. 60, was proper, that did not create anything more than an abstract, hypothetical, or contingent question regarding a potential motion to remove the Trustee that had not been filed. (*See* July 21, 2022, Hearing Transcript, 55:12 – 56:9, App. at A-253-54.) It is one matter to hold that Fed. R. Civ. P. 60 could not be used to reconsider the appointment of the Trustee. However, it is a different matter entirely to separately decide that another procedure under a different standard would not apply if it were to be used. Clearly, the Bankruptcy Court believed that "the standards under those sections are different[;]" *id.*; but proceeded to issue an opinion on an issue that was obviously and admittedly not before the Court. Thus, this Court should vacate the Relief Order to the extent requested herein because it was an unconstitutional advisory opinion.

V.     **THE DEBTOR WAS NOT PROVIDED ANY NOTICE**

The Trustee appears to argue that the Debtor was not entitled to any notice of the Court's *sua sponte* holding or, in the alternative, that the Bankruptcy Court inquiring why the Debtor has not moved to remove the Trustee under Bankruptcy Code section 324(a) constituted sufficient notice that the Bankruptcy Court was considering acting *sua sponte* under Bankruptcy Code section 324. Both arguments are unavailing.

Due process applies in bankruptcy cases. *E.g., Bogdan Law Firm v. Marsh*

8

*USA, Inc. (In re Johns-Manville Corp.)*, 551 B.R. 104, 113 (S.D.N.Y. 2016) ("Due process requirements apply in bankruptcy cases."); *In re Motors Liquidation Co.*, 2015 Bankr. LEXIS 4445, at *63-64 n.69 (Bankr. S.D.N.Y. 2015) ("[C]onsiderable authority, by the Second Circuit and other circuit courts, holds, not surprisingly, that due process requirements apply in bankruptcy cases, just as they do in plenary litigation.").

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice, reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such a nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Consistent with the foregoing "fundamental requirement," Bankruptcy Code section 324(a) provides that "[t]he court, *after notice and a hearing*, may remove a trustee … for cause." Bankruptcy Code section 102(1)(A) defines "after notice and a hearing" to "mean[] after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances …." Thus, "[w]hile the Bankruptcy Code allows a court to dispense with a hearing under some circumstances, it does not allow a court to dispense with the requirement of notice." *William B. Schnach Ret. Tr. v. Unified Capital Corp. (In re Bono Dev.)*, 8 F.3d 720, 722 (10th Cir. 1993). *see also North American*

9

*Printing Ink Co. v. Regensteiner Printing Co.*, 1992 U.S. Dist. LEXIS 5676, at *6 (N.D. Ill. 1992) ("§ 102 is worded to require 'such *notice* as is appropriate in the particular circumstances, but only requires 'such *opportunity for a hearing* as is appropriate in the particular circumstances.' The statute's wording indicates that Congress required actual 'notice' but gave courts discretion on whether to hold hearings.") (emphasis in original); *In re Irasel Sand, LLC*, 569 B.R. 433, 439 (Bankr. S.D. Tex. 2017) (When court acts *sua sponte*, "fairness 'requires both notice of the court's intention and an opportunity to respond.'") (quoting *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015)); *In re Nales Perez*, 506 B.R. 328, 333 (Bankr. D. P.R. 2014) ("The statute's wording indicates that Congress required actual 'notice' but gave courts discretion on whether to hold hearings.").

> Notwithstanding section 102(1) and the desire for flexibility, an adversely affected party is entitled, consistent with the due process requirements of the Constitution, and with the wording of section 102(1), to notice reasonably calculated to apprise it of the proposed action and an opportunity to be heard. Usually the general norms of fair notice will apply. When a court acts *sua sponte*, both due process and the requirements for "notice and a hearing" in the specific Bankruptcy Code section being applied require some notice.

2 Collier on Bankruptcy ¶ 102.02[2][b], at 102-6 to 102-7 (16th Ed. 2019).

Here, the Trustee focuses exclusively on cases in which there were actual motions filed and denied, which are inapposite. *See Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan v. M&S Grading, Inc. (In re M&S Grading, Inc.)*, 2007 U.S. Dist. LEXIS 87483, at *16 (D. Neb. Nov. 28, 2007)

10

("The statute clearly requires a hearing for the trustee to be removed, *but not for a motion to remove the trustee* to be denied.") (emphasis added); *In re Steffen*, No. 09-cv-00353, Doc. No. 83, p.6, 2011 WL 13174777 (M.D. Fla. Oct. 12, 2011) (Where hearing was held on motion to remove trustee, "[t]here is no dispute that Steffen was afforded an opportunity to be heard on [the motion to remove]."). However, those are not comparable to this situation where the Debtor did not even have the opportunity to make initial arguments and set forth facts in a motion to remove the Trustee under Section 324.

Here, the Debtor was given no notice at all that the Bankruptcy Court was going to decide, *sua sponte*, that the Debtor was not entitled to relief under Section 324. In fact, the Bankruptcy Court's statement on the record indicated that the Debtor would have an opportunity to file a motion under Section 324. (Hearing Tr., 67:4-5, App. at A-687 ("So if you want to file a motion and try to meet the requirements of 324, you're welcome to do so.").) However, the Debtor was denied that opportunity when the Bankruptcy Court entered the Relief Order. Thus, even if this Court decides that the Bankruptcy Court did not issue an impermissible advisory opinion, it should conclude that the Relief Order should be vacated to the extent that it found that "no grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case" under Section 324 because the Debtor's due process rights were violated as he was

provided no notice of the Bankruptcy Court's intention to rule on a potential Section 324 motion.

## VI. CONCLUSION

For all the foregoing reasons, the Relief Order should be vacated to the extent that it found that "no grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case" under Section 324.

Dated at Bridgeport, Connecticut on this 26th day of January, 2023.

**THE DEBTOR,**
**HO WAN KWOK**

*/s/ John L. Cesaroni*
Eric Henzy (ct12849)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
       jcesaroni@zeislaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2022, a copy of foregoing Reply Brief of the Appellant Ho Wan Kwok was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ John L. Cesaroni*
John L. Cesaroni (ct29309)